LUCY BUTLER et al., Claimants, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 32131.)

Court of Claims, November 7, 1953.

*John J. O'Connor, Jr.*, for claimants.

*Nathaniel L. Goldstein, Attorney-General (Fred I. Zabriskie* of counsel), for defendant.

SYLVESTER, J. On this motion to dismiss the claim, it appears that the claimant, Lucy Butler, sustained injuries when she was caused to fall in the private residence of the Clerk of the Surrogate's Court, Suffolk County. Claimant had gone to the premises for the sole purpose of having her deposition taken as a subscribing witness to a will offered for probate and fell on a '' scatter rug '' placed over a highly polished and slippery floor of the entrance hall. It is not urged herein that the property was either owned, operated, maintained or rented by the State.

Without deciding the issue of whether the Clerk of the Surrogate's Court was acting in the capacity of an agent of the State, it cannot be said that the negligence of the clerk in the maintenance of his own private quarters is attributable to the State.

Any alleged failure of due care on the part of the clerk in this regard cannot be said to have occurred while he was acting in the business of his master and in the scope of his employment. The doctrine of *respondeat superior* may not be so extended. The applicable rule would make for liability where the acts of the servant are done within the general scope of his employment while engaged in his master's business and done with a view to the furtherance of that business and the master's interest, whether the act be done negligently, wantonly or even willfully. (2A Warren on Negligence [2d ed.], § 2.68, pars. 22–24.) Here, the negligent maintenance of his dwelling had no direct relation to the performance of his duties as an employee of the State.

Accordingly, the motion to dismiss is granted. Submit order on notice.